**IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF OHIO
EASTERN DIVISION**

| | | |
|---|---|---|
| SAMUEL KINTCHER, | ) | CASE NO. 1:13-CV-01596 |
| | ) | |
| Plaintiff, | ) | JUDGE NUGENT |
| | ) | |
| v. | ) | MAGISTRATE JUDGE |
| | ) | VECCHIARELLI |
| CAROLYN W. COLVIN, | ) | |
| Acting Commissioner | ) | |
| of Social Security, | ) | |
| | ) | **REPORT AND RECOMMENDATION** |
| Defendant. | ) | |

Plaintiff, Samuel Kintcher ("Plaintiff"), challenges the final decision of Defendant, Carolyn W. Colvin, Acting Commissioner of Social Security ("Commissioner"), denying his applications for a Period of Disability ("POD"), Disability Insurance Benefits ("DIB"), and Supplemental Security Income ("SSI") under Titles II and XVI of the Social Security Act, 42 U.S.C. §§ 416(i), 423, 1381 *et seq.* ("Act").  This case is before the undersigned United States Magistrate Judge pursuant to an automatic referral under Local Rule 72.2(b) for a Report and Recommendation.  For the reasons set forth below, the Magistrate Judge recommends that the Commissioner's final decision be AFFIRMED.

## I.   PROCEDURAL HISTORY

On April 28, 2010, Plaintiff filed his applications for SSI, POD, and DIB, alleging a disability onset date of August 28, 2009.  (Transcript ("Tr.") 10.)  The applications were denied initially and upon reconsideration, and Plaintiff requested a hearing before an administrative law judge ("ALJ").  (*Id.*)  On May 17, 2012, an ALJ held a video hearing.  (*Id.*)  Plaintiff participated in the hearing, was represented by counsel, and

testified.  (*Id.*)  A vocational expert ("VE") also participated and testified.  (*Id.*)  On June 22, 2012, the ALJ found Plaintiff not disabled.  (Tr. 7.)  On June 27, 2013, the Appeals Council declined to review the ALJ's decision, and the ALJ's decision became the Commissioner's final decision.  (Tr. 1.)

On July 24, 2013, Plaintiff filed his complaint to challenge the Commissioner's final decision.  (Doc. No. 1.)  The parties have completed briefing in this case.  (Doc. Nos. 11, 12.)

Plaintiff asserts the following assignment of error: The ALJ failed to meet his burden of showing that Plaintiff could perform a significant number of jobs in the national economy.

## II.  EVIDENCE

### A.  Personal and Vocational Evidence

Plaintiff was born in November 1966 and was 42-years-old on the alleged disability onset date.  (Tr. 21.)  He had at least a high school education and was able to communicate in English.  (*Id.*)  He had past relevant work as a sheer operator, a precision grinder, and a security guard.  (*Id.*)

### B.  Medical Evidence

The ALJ concluded that Plaintiff had the following severe impairments: HIV, degenerative disc disease, depression, a history of alcohol abuse, and a personality disorder.  (Tr. 13.)  Plaintiff indicated in his Brief on the Merits that "most of the facts in this case are undisputed; including the ALJ's first, second, third, fourth, seventh, and eighth findings."  (Plaintiff's Brief ("Pl.'s Br.") 2.)  Thus, Plaintiff has not taken issue with

2

the ALJ's assessment of his physical and mental impairments, nor has he objected to the ALJ's residual functional capacity ("RFC") finding.[1]  Rather, Plaintiff's argument focuses solely on the ALJ's determination that there are jobs that exist in significant numbers in the national economy that Plaintiff can perform.  Accordingly, this Court will forego a lengthy recitation of Plaintiff's medical history and instead will adopt, by reference, the ALJ's summary of Plaintiff's medical history as detailed in the ALJ's hearing decision.  (Tr. 10-21.)

**C.    Hearing Testimony**[2]

Richard Fisher, a vocational expert, testified at Plaintiff's hearing.  The ALJ asked the VE to assume a hypothetical individual of Plaintiff's age, education, and work experience who is able to work at the sedentary exertional level.  (Tr. 55, 57.)  The individual could not climb ladders ropes or scaffolds; could occasionally perform all other postural movements; could perform only simple, routine, repetitive tasks in a work environment free of fast-paced production requirements; could engage in only simple work-related decision-making with few, if any, changes in the work setting; and could have frequent contact with the public, supervisors, and coworkers.  (Tr. 55.)  The individual would require a sit/stand option that would allow him to change positions every 30 to 45 minutes.  (Tr. 57.) The VE testified that the hypothetical individual could

---

[1]    The ALJ determined that Plaintiff has the residual functional capacity to perform sedentary work with some additional limitations.  (Tr. 14-15.)

[2]    Although Plaintiff testified at his administrative hearing (Tr. 36-53), providing a summary of his testimony here would serve no purpose, as Plaintiff has challenged only the ALJ's determination that jobs exist in significant numbers in the national economy that Plaintiff can perform.

3

perform work as a microfilm document repairer (Dictionary of Occupational Titles ("DOT") number 249.587-018; 3,000 jobs in Ohio and 66,000 nationally), a press clippings cutter and paster (DOT number 249.587-014; 800 jobs in Ohio and 21,000 nationally); and a parimutuel-ticket checker (DOT number 219.587-010; 1,650 jobs in Ohio and 69,000 nationally).  (Tr. 58.)  The VE testified that all of the jobs he named were "truly sedentary jobs and they are allowed to change positions every 30 minutes and, in my opinion, change at will."  (*Id.*)  He clarified that he based his conclusions regarding the sit/stand option on his own experience and observation, as the DOT does not take into consideration a sit/stand option.  (*Id.*)

When Plaintiff's attorney asked the VE whether he could provide numbers of jobs that exist in the regional economy for the jobs identified, the VE testified that he could only provide numbers for Ohio and was not aware of exactly how many of the jobs identified were available in Cleveland, Akron, or Northeast Ohio, specifically.  (Tr. 62.)

### III.    STANDARD FOR DISABILITY

A claimant is entitled to receive benefits under the Social Security Act when he establishes disability within the meaning of the Act.  20 C.F.R. § 416.905; *Kirk v. Sec'y of Health & Human Servs.*, 667 F.2d 524 (6th Cir. 1981).  A claimant is considered disabled when he cannot perform "substantial gainful activity by reason of any medically determinable physical or mental impairment which can be expected to result in death or which has lasted or can be expected to last for a continuous period of not less than 12 months."  20 C.F.R. § 416.905(a).  To receive SSI benefits, a recipient must also meet

4

certain income and resource limitations.  20 C.F.R. §§ 416.1100 *and* 416.1201.

The Commissioner reaches a determination as to whether a claimant is disabled by way of a five-stage process.  20 C.F.R. §§ 404.1520(a)(4) *and* 416.920(a)(4); *Abbott v. Sullivan*, 905 F.2d 918, 923 (6th Cir. 1990).  First, the claimant must demonstrate that he is not currently engaged in "substantial gainful activity" at the time he seeks disability benefits.  20 C.F.R. §§ 404.1520(b) *and* 416.920(b).  Second, the claimant must show that he suffers from a "severe impairment" in order to warrant a finding of disability.  20 C.F.R. §§ 404.1520(c) *and* 416.920(c).  A "severe impairment" is one that "significantly limits . . . physical or mental ability to do basic work activities."  *Abbot*, 905 F.2d at 923.  Third, if the claimant is not performing substantial gainful activity, has a severe impairment that is expected to last for at least twelve months, and the impairment meets a listed impairment, the claimant is presumed to be disabled regardless of age, education or work experience.  20 C.F.R. §§ 404.1520(d) *and* 416.920(d).  Fourth, if the claimant's impairment does not prevent him from doing his past relevant work, the claimant is not disabled.  20 C.F.R. §§ 404.1520(e)-(f) *and* 416.920(e)-(f).  For the fifth and final step, even if the claimant's impairment does prevent him from doing his past relevant work, if other work exists in the national economy that the claimant can perform, the claimant is not disabled.  20 C.F.R. §§ 404.1520(g), 404.1560(c), *and* 416.920(g).

## IV.    SUMMARY OF COMMISSIONER'S DECISION

1.    The claimant meets the insured status requirements of the Social Security Act through December 31, 2014.

2.    The claimant has engaged in substantial gainful activity since August

5

28, 2009, the alleged onset date, but not continuously from the alleged onset date through the date of the hearing.

3. The claimant has the following severe impairments: HIV, degenerative disc disease, depression, a history of alcohol abuse, and a personality disorder.

4. The claimant does not have an impairment or combination of impairments that meets or medically equals the severity of one of the listed impairments in 20 CFR Part 404, Subpart P, Appendix 1.

5. After careful consideration of the entire record, I find that the claimant has the residual functional capacity to perform sedentary work as defined in 20 CFR 404.1567(a) and 416.967(a) except he is unable to climb ropes, ladders, or scaffolds, and he can perform postural movements such as balancing, stooping kneeling, crouching, and crawling no more than occasionally. The claimant must be afforded a sit/stand option, and he is limited to no more than simple, routine, repetitive tasks. He must be in a work environment free from fast-paced production requirements, and he must not be required to do any more than simple work-related decision-making. The claimant must have few, if any, changes in a work setting, but he can have up to frequent contact with supervisors, coworkers, and the general public.

6. The claimant is unable to perform any past relevant work.

7. The claimant was born in November 1966 and was 42-years-old, which is defined as a younger individual age 18-44, on the alleged disability onset date. The claimant subsequently changed age category to a younger individual age 45-49.

8. The claimant has at least a high school education and is able to communicate in English.

9. Transferability of job skills is not material to the determination of disability because using the Medical-Vocational Rules as a framework supports a finding that the claimant is "not disabled," whether or not the claimant has transferable job skills.

10. Considering the claimant's age, education, work experience, and residual functional capacity, there are jobs that exist in significant numbers in the national economy that the claimant can perform.

11. The claimant has not been under a disability, as defined in the Act,

from August 28, 2009, through the date of this decision.

(Tr. 12-23.)

**LAW & ANALYSIS**

### A.    Standard of Review

Judicial review of the Commissioner's decision is limited to determining whether the Commissioner's decision is supported by substantial evidence and was made pursuant to proper legal standards. *Ealy v. Comm'r of Soc. Sec.*, 594 F.3d 504, 512 (6th Cir. 2010).  Review must be based on the record as a whole. *Heston v. Comm'r of Soc. Sec.*, 245 F.3d 528, 535 (6th Cir. 2001).  The court may look into any evidence in the record to determine if the ALJ's decision is supported by substantial evidence, regardless of whether it has actually been cited by the ALJ. *Id.*  However, the court does not review the evidence *de novo*, make credibility determinations, or weigh the evidence. *Brainard v. Sec'y of Health & Human Servs.*, 889 F.2d 679, 681 (6th Cir. 1989).

The Commissioner's conclusions must be affirmed absent a determination that the ALJ failed to apply the correct legal standards or made findings of fact unsupported by substantial evidence in the record. *White v. Comm'r of Soc. Sec.*, 572 F.3d 272, 281 (6th Cir. 2009).  Substantial evidence is more than a scintilla of evidence but less than a preponderance and is such relevant evidence as a reasonable mind might accept as adequate to support a conclusion. *Brainard*, 889 F.2d at 681.  A decision supported by substantial evidence will not be overturned even though substantial evidence supports the opposite conclusion. *Ealy*, 594 F.3d at 512.

7

**B.**      **Plaintiff's Assignment of Error**

Plaintiff takes issue with the ALJ's determination that considering Plaintiff's age, education, work experience, and residual functional capacity, there are jobs that exist in significant numbers in the national economy that he is capable of performing.  At the fifth and final step of an ALJ's analysis, the ALJ must determine whether, in light of the claimant's residual functional capacity, age, education, and past work experience, the claimant can make an adjustment to other work.  20 C.F.R. § 404.1520(a)(4).  At this step, the burden shifts to the Commissioner to prove the  existence of a significant number of jobs in the national economy that a person with the claimant's limitations could perform. *Her v. Comm'r of Soc. Sec.*, 203 F.3d 388, 391 (6th Cir. 1999).  To meet this burden, there must be a finding supported by substantial evidence that the claimant has the vocational qualifications to perform specific jobs. *Workman* v. Comm'r of Soc. Sec., 105 F. App'x 794, 799 (6th Cir. 2004) (quoting *Varley v. Sec'y of Health & Human Servs.*, 820 F.2d 777, 779 (6th Cir. 1987)).  Substantial evidence may be produced through reliance on the testimony of a VE in response to a hypothetical question, but only if the question accurately portrays the claimant's individual physical and mental impairments. *Workman*, 105 F. App'x at 799 (quoting *Varley*, 820 F.2d at 779).

Here, the VE testified that a person with Plaintiff's personal and vocational characteristics, and physical and mental limitations as set forth in the ALJ's hypothetical, could perform work as a microfilm document repairer, for which there were approximately 3,000 jobs in Ohio and 66,000 in the nation; a press clippings cutter and

paster, for which there were approximately 800 jobs in Ohio and 21,000 in the nation; and a parimutuel-ticket checker, for which there were 1,650 jobs in Ohio and 69,000 in the nation.  (Tr. 58.)  Plaintiff contends that the VE's testimony does not constitute substantial evidence to support the Commissioner's step five burden, because the VE defined the regional economy as Ohio and was unfamiliar with the number of jobs available in Cleveland or Akron, specifically.  Plaintiff's argument lacks merit.

Work exists in the national economy when it exists in significant numbers either in the region where the claimant lives "or in several other regions of the country."  20 C.F.R §§ 404.1566(a), 416.966(a).  "It does not matter whether work exists in the immediate area in which you live."  20 C.F.R. §§ 404.1566(a)(1), 416.966(a)(1).  If the claimant's RFC and vocational abilities make it possible for him to do work which exists in the national economy, but he remains unemployed because of "lack of work in [his] local area," the ALJ will determine that he is not disabled.  20 C.F.R. §§ 404.1566(c)(2), 416.966(c)(2).  Thus, the regulations plainly state that as long as work exists in significant numbers in the region where the claimant lives *or several other regions*, the claimant will not be found disabled, even if there is a lack of work in the claimant's "immediate area."  As a result, Plaintiff's argument that the ALJ erred in relying on the testimony of a VE who was unfamiliar with the regional economies of Cleveland or Akron is without legal support.

Furthermore, Plaintiff has failed to persuade this Court that the number of jobs available in Ohio and in the nation is not significant.  There is no "special number" which is to be the boundary between a "significant number" and an insignificant number of jobs.  *Hall v. Bowen,* 837 F.2d 272, 275 (6th Cir. 1988).  This Court has no doubt,

9

however, that a total of 5,400 jobs in Ohio and 156,000 jobs in the nation meets the Commissioner's Step Five burden of proving that there are jobs that exist in significant numbers in the national economy that Plaintiff can perform.  *See Martin v. Comm'r of Soc. Sec.*, 170 F. App'x 369, 375 (6th Cir. 2006) (finding that 870 jobs can constitute a significant number in a geographic region); *Bishop v. Shalala*, 64 F.3d 662 (Table), No. 94-5375, 1995 WL 490126, at *2-3 (6th Cir. Aug. 15, 1995) (finding that 6,100 jobs nationally constituted a significant number of jobs); *Lewis v. Sec'y of Health & Human Servs.*, No. 94-1807, 1995 WL 124320, at *1 (6th Cir. Mar. 22, 1995) (finding that 14,000 jobs nationally constituted a significant number of jobs); *Girt v. Astrue*, No. 5:09-cv-1218, 2010 WL 908663, at *4 (N.D. Ohio Mar. 12, 2010) (finding that 600 jobs state-wide and 35,000 jobs nationally constituted a significant number of jobs). Accordingly, Plaintiff's assignment of error presents no basis for remand of his case.

## VI.    CONCLUSION

For the foregoing reasons, the Magistrate Judge recommends that the Commissioner's final decision be AFFIRMED.

s/ *Nancy A. Vecchiarelli*
U.S. Magistrate Judge

Date: April 15, 2014


## OBJECTIONS

**Any objections to this Report and Recommendation must be filed with the Clerk of Court within fourteen (14) days after the party objecting has been served with a copy of this Report and Recommendation.  28 U.S.C. § 636(b)(1). Failure to file objections within the specified time may waive the right to appeal the District Court's order.  See *United States v. Walters*, 638 F.2d 947 (6th Cir. 1981); *Thomas v. Arn*, 474 U.S. 140 (1985), *reh'g denied*, 474 U.S. 1111 (1986).**