IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF OHIO
EASTERN DIVISION

| | | |
|---|---|---|
| SAMUEL KINTCHER, | ) | CASE NO. 1:13 CV 1596 |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | JUDGE DONALD C. NUGENT |
| | ) | |
| CAROLYN W. COLVIN, | ) | |
| Acting Commissioner of Social Security, | ) | Magistrate Judge Vecchiarelli |
| | ) | |
| Defendant. | ) | <u>MEMORANDUM OPINION</u> |

This matter is before the Court on the Report and Recommendation of Magistrate Judge Nancy A. Vecchiarelli (Docket #13), recommending that the Commissioner of Social Security's final determination denying Plaintiff, Samuel Kintcher's applications for a Period of Disability ("POD"), Disability Insurance Benefits ("DIB"), and Supplemental Security Income ("SSI") under Titles II and XVI of the Social Security Act, 42 U.S.C. §§ 416(I), 423, 1381 et seq., be affirmed.

**Factual and Procedural Background**

As set forth by the Magistrate Judge, the factual and procedural history of this case is as follows:

**I. PROCEDURAL HISTORY**

On April 28, 2010, Plaintiff filed his applications for SSI, POD, and DIB, alleging a disability onset date of August 28, 2009. (Transcript ("Tr.") 10.) The applications were denied initially and upon reconsideration, and Plaintiff requested a hearing before an administrative law judge ("ALJ"). (Id.) On May 17, 2012, an ALJ held a video hearing. (Id.) Plaintiff participated in the hearing, was represented by counsel, and testified. (Id.) A vocational expert ("VE") also participated and testified. (Id.) On June 22, 2012, the ALJ found Plaintiff not disabled. (Tr. 7.) On June 27, 2013, the Appeals Council declined to review the ALJ's decision, and the ALJ's decision became the Commissioner's final decision. (Tr. 1.)

On July 24, 2013, Plaintiff filed his complaint to challenge the Commissioner's final decision. (Doc. No. 1.) The parties have completed briefing in this case. (Doc. Nos. 11, 12.)

Plaintiff asserts the following assignment of error: The ALJ failed to meet his burden of showing that Plaintiff could perform a significant number of jobs in the national economy.

## II.  EVIDENCE

### A.     Personal and Vocational Evidence

Plaintiff was born in November 1966 and was 42-years-old on the alleged disability onset date. (Tr. 21.) He had at least a high school education and was able to communicate in English. (Id.) He had past relevant work as a sheer operator, a precision grinder, and a security guard. (Id.)

### B.     Medical Evidence

The ALJ concluded that Plaintiff had the following severe impairments: HIV, degenerative disc disease, depression, a history of alcohol abuse, and a personality disorder. (Tr. 13.) Plaintiff indicated in his Brief on the Merits that "most of the facts in this case are undisputed; including the ALJ's first, second, third, fourth, seventh, and eighth findings." (Plaintiff's Brief ("Pl.'s Br.") 2.) Thus, Plaintiff has not taken issue with the ALJ's assessment of his physical and mental impairments, nor has he objected to the ALJ's residual functional capacity ("RFC") finding.  Rather, Plaintiff's argument focuses solely on the ALJ's determination that there are jobs that exist in significant numbers in the national economy that Plaintiff can perform. Accordingly, this Court will forego a lengthy recitation of Plaintiff's medical history and instead will adopt, by reference, the ALJ's summary of Plaintiff's medical history as detailed in the ALJ's hearing decision. (Tr. 10-21.)

### C. Hearing Testimony

Richard Fisher, a vocational expert, testified at Plaintiff's hearing. The ALJ asked the VE to assume a hypothetical individual of Plaintiff's age, education, and work experience who is able to work at the sedentary exertional level. (Tr. 55, 57.) The individual could not climb ladders ropes or scaffolds; could occasionally perform all other postural movements; could perform only simple, routine, repetitive tasks in a work environment free of fast-paced production requirements; could engage in only simple work-related decision-making with few, if any, changes in the work setting; and could have frequent contact with the public, supervisors, and coworkers. (Tr. 55.) The individual would require a sit/stand option that would allow him to change positions every 30 to 45 minutes. (Tr. 57.) The VE testified that the hypothetical individual could perform work as a microfilm document repairer (Dictionary of Occupational Titles ("DOT") number 249.587-018; 3,000 jobs in Ohio and 66,000 nationally), a press clippings cutter and paster (DOT number 249.587-014; 800 jobs in Ohio and 21,000 nationally); and a parimutuel-ticket checker (DOT number 219.587-010; 1,650 jobs in Ohio and 69,000 nationally). (Tr. 58.) The VE testified that all of the jobs he named were "truly sedentary jobs and they are allowed to change positions every 30 minutes and, in my opinion, change at will." (Id.) He clarified that he based his conclusions regarding the sit/stand option on his own experience and observation, as the DOT does not take into consideration a sit/stand option. (Id.)

When Plaintiff's attorney asked the VE whether he could provide numbers of jobs that exist in the regional economy for the jobs identified, the VE testified that he could only provide numbers for Ohio and was not aware of exactly how many of the jobs identified were available in Cleveland, Akron, or Northeast Ohio, specifically. (Tr. 62.)

Report and Recommendation (Docket #13) at pp. 1-4 (Footnotes omitted.)

### Report and Recommendation

Plaintiff filed his Complaint with this Court on July 24, 2013, challenging the final decision of the Commissioner.  (Docket #1.)  On April 15, 2014, the Magistrate Judge issued her Report and Recommendation.  (Docket #13.)  The Magistrate Judge found the ALJ's decision to be supported by substantial evidence.  On April 17, 2013, Plaintiff filed objections to the Report

and Recommendation.  (Docket #14.)

### Standard of Review for a Magistrate Judge's Report and Recommendation

The applicable district court standard of review for a magistrate judge's report and recommendation depends upon whether objections were made to the report.  When objections are made to a report and recommendation of a magistrate judge, the district court reviews the case *de novo*.  FED. R. CIV. P. 72(b) provides:

> The district judge must determine de novo any part of the magistrate judge's disposition that has been properly objected to.  The district judge may accept, reject, or modify the recommended disposition; receive further evidence; or return the matter to the magistrate judge with instructions.

The standard of review for a magistrate judge's report and recommendation is distinct from the standard of review for the Commissioner of Social Security's decision regarding benefits.  Judicial review of the Commissioner's decision, as reflected in the decisions of the ALJ, is limited to whether the decision is supported by substantial evidence.  *See Smith v. Secretary of Health and Human Servs.*, 893 F.2d 106, 108 (6th Cir. 1989).  "Substantial evidence exists when a reasonable mind could accept the evidence as adequate to support the challenged conclusion, even if that evidence could support a decision the other way."  *Casey v. Secretary of Health and Human Servs.*, 987 F.2d 1230, 1233 (6th Cir. 1993) (citation omitted).

### Conclusion

This Court has reviewed the Magistrate Judge's Report and Recommendation *de novo* and has considered all of the pleadings, transcripts, and filings of the parties, as well as the objections to the Report and Recommendation filed by Plaintiff.  After careful evaluation of the record, this Court adopts the findings of fact and conclusions of law of the Magistrate Judge as its own.

      Magistrate Judge Vecchiarelli thoroughly and exhaustively reviewed this case, and properly found the ALJ's decision to be supported by substantial evidence.  The objection raised by Plaintiff was addressed by the Magistrate Judge in the Report and Recommendation and is without merit.  Accordingly, the Report and Recommendation of Magistrate Judge Vechiarelli (Document # 13) is hereby ADOPTED.  The Commissioner's final determination denying Plaintiff's application for Disability Insurance Benefits is hereby AFFIRMED.

      This case is hereby TERMINATED.

      IT IS SO ORDERED.

                                  s/Donald C. Nugent  
                                  DONALD C. NUGENT  
                                  United States District Judge

      DATED: July 3, 2014